## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO BLANCHARD, )<br><br>Petitioner, )<br><br>v. )<br><br>CORRECTIONS CORPORATION<br>OF AMERICA, *et al.*, )<br><br>Respondents. ) | Civil Action No. 24-3618 (UNA) |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on consideration of Antonio Blanchard's application to proceed *in forma pauperis*, ECF No. 3, petition for a writ of habeas corpus, ECF No. 1, and motion for default judgment, ECF No. 8. For the reasons explained below, the court will grant the application, deny the petition, and deny the motion for default judgment as moot.

In 1994, Mr. Blanchard was convicted in the Superior Court of the District of Columbia of Armed Robbery, in violation of D.C. Code § 22-2901, and Possession of a Firearm During a Crime of Violence, in violation of D.C. Code § 22-2304. ECF No. 1, at 8-9. He was sentenced to a term of imprisonment of 7-21 years. *Id.* at 8. Following his release on parole in 2009, Mr. Blanchard was convicted of a second armed robbery in the Circuit Court of Cook County, Illinois. ECF No. 4. He is currently serving a term of imprisonment at the Menard Correctional Center in Menard, Illinois. *Id.* In October 2024, Mr. Blanchard sought to challenge his 1994 District of Columbia conviction by filing a petition for a writ of habeas corpus in the U.S. District Court for

the Northern District of Illinois.  ECF No. 1.  Because venue was improper, the Northern District

of Illinois transferred the case to this court.  ECF No. 4.

      This court lacks jurisdiction to review Mr. Blanchard's petition.  Because Mr. Blanchard

is a District of Columbia Code offender, he must first bring a challenge to his conviction and

sentence in the Superior Court of the District of Columbia.  Specifically, D.C. Code § 23-110

provides:

> A prisoner in custody under sentence of the Superior Court claiming
> the right to be released upon the ground that (1) the sentence was
> imposed in violation of the Constitution of the United States or the
> laws of the District of Columbia, (2) the court was without
> jurisdiction to impose the sentence, (3) the sentence was in excess
> of the maximum authorized by law, (4) the sentence is otherwise
> subject to collateral attack, may move the court to vacate, set aside,
> or correct the sentence.

*Id.* § 23-110(a).  Mr. Blanchard has no recourse in federal court "if it appears that [he] has failed

to make a motion for relief under [Section 23-110(a)] or that the Superior Court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention."  *Id.*; *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009)

(explaining that Section 23-110 "divests federal courts of jurisdiction to hear habeas petitions by

prisoners who could have raised viable claims pursuant to section 23-110(a)").  He has made no

such showing.  Accordingly, the court will grant his application to proceed in forma pauperis, deny

his petition for a writ of habeas corpus, and deny his motion for default judgment as moot.

      An Order is issued separately.

LOREN L. ALIKHAN
United States District Judge

Date:   January 2, 2025